IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

JUAN DE DIOS GOMEZ MORALES,                    :
                    Petitioner,                :
                                               :
            v.                                 :    Civil No.: 2:26-cv-05228
                                               :
J.L. JAMISON, et al.,                          :
                    Respondent.                :

_____

**ORDER**

**AND NOW**, this 27th   day of July, 2026, upon consideration of the Petition for Writ of Habeas

Corpus (ECF No. 1), the Motion for a Temporary Restraining Order (ECF No. 2), and the

Government's Answer (ECF No. 4), **IT IS HEREBY ORDERED** as follows:

1.  The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Mr. Gomez Morales is a citizen of Mexico who has resided continuously in the United States since approximately 1998, where he has established significant family and community ties in Delaware. *See* Verified Pet. for Writ of Habeas Corpus ("Habeas Pet.") at 1 (ECF No. 1). He is employed as a landscaper, has paid taxes, and has no criminal history. *See id.* Mr. Gomez Morales is in a relationship with a United States citizen, Emily Diossi, and together they have a United States citizen child born on January 27, 2023. *See id.* On or about July 23, 2026, at approximately 7:00 a.m., immigration authorities detained Mr. Gomez Morales outside a Wawa convenience store in Delaware as he was leaving for work. *See id*. at 2. He is currently detained at the Federal Detention Center in Philadelphia, Pennsylvania. *See id.* According to the Executive Office for Immigration Review's Automated Case Information System, Mr. Gomez Morales is currently in removal proceedings and is scheduled for a hearing on August 18, 2026. *See id.* The petition alleges that, despite having resided in the United States for nearly three decades and appearing prima facie eligible for cancellation of removal under 8 U.S.C. § 1229b(b), Respondents have unlawfully subjected him to mandatory detention under 8 U.S.C. § 1225(b), rather than providing him an individualized custody determination under 8 U.S.C. § 1226(a). *See id.*

Although Respondents do not restate their arguments in detail, instead incorporating by reference the arguments they have raised in hundreds of prior cases before this Court, the vast majority of federal courts, including this Court, have consistently rejected those arguments. See, e.g., *Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877

2.        Mr. Gomez Morales is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3.        The Government shall **RELEASE** Mr. Gomez Morales from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on July 29, 2026**;

4.        If the Government chooses to pursue re-detention of Mr. Gomez Morales pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.        The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

**IT IS FURTHERED ORDERED** that the Motion for a Temporary Restraining Order (ECF No. 2) is **DENIED** as **MOOT**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

(E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government also acknowledges that, notwithstanding the weight of Circuit and district court authority against its position, it continues to rely on the arguments previously presented in this Court and before the Third Circuit. Specifically, the Government notes that its appeals in *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement*, No. 26-1454 (3d Cir.), and *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150 (3d Cir.), which concern both the statutory and constitutional due process issues presented here, remain pending following expedited briefing and oral argument.

Accordingly, Mr. Gomez Morales's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.